GEHRING & SATRIALE LLC
Joseph E. Gehring, Jr., Esq.
One Gateway Center, Suite 2600
Newark, New Jersey 07102
(973) 854-2600
(973) 854-2609 (fax)
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC,<br><br>            Plaintiff,<br><br>    -against-<br><br>JOHN FITZGERALD,<br><br>            Defendant. | Case No. 1:17-cv-12866 |

**REPLY DECLARATION**

JOSEPH E. GEHRING, JR., ESQ. hereby declares as follows:

1.       I am an attorney with the firm of Gehring & Satriale LLC, which serves as counsel for Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley"), and a member of the District of New Jersey bar.  I am over the age of 21 and believe in the obligations of an oath. I have personal knowledge of the facts set forth herein.

2.       In his declaration (Doc. No. 13-6), Defendant John Fitzgerald ("Fitzgerald") admits that he took with him information concerning the customers he had serviced as a financial advisor employed by Morgan Stanley and that he did so pursuant to the Protocol for Broker Recruiting (the "Protocol"). (Fitzgerald Declaration ¶¶ 9-10).

3.       Mr. Fitzgerald attached a copy of the Protocol to his declaration, as Exhibit A.

4.       The Protocol itself states that the Protocol applies only when both the firm the registered representative is leaving and the firm he or she is joining are parties to the Protocol. (Fitzgerald Declaration, Exhibit A, Doc. No. 13-7, at 1).

5. While Mr. Fitzgerald acknowledges in his declaration that Morgan Stanley is not currently a party to the Protocol, he fails to state whether he joined a party to the Protocol. The reason he failed to do so is clear.

6. I have checked the most recent list of parties to the Protocol distributed by the firm that administers it (the most recent list was distributed today) and Fitzgerald Financial Group is not listed as a party to the Protocol. Neither is Commonwealth Financial Network (the company he identifies as his broker-dealer in his email to the customers) or National Financial Services/Fidelity Investments (the company he identifies as holding his client assets). The Protocol would therefore not apply by its own terms even if Morgan Stanley were still a party to the Protocol (or if, as Mr. Fitzgerald seems to ask, the Court were to pretend Morgan Stanley were still a party to the Protocol).

7. Further, Mr. Fitzgerald does not allege in his declaration that he provided a copy of the list he took with him when he resigned from Morgan Stanley. If the Protocol had applied, the Protocol expressly states that he would have been required to include with his resignation letter "a copy of the Client Information that the RR is taking with him or her" and "[t]he RR list delivered to the branch also shall include account numbers for the clients serviced by the RR." Id.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 12, 2017.

                                                           s/ Joseph E. Gehring, Jr.
                                                           Joseph E. Gehring, Jr.