UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MORGAN STANLEY SMITH BARNEY LLC,          :

                            Plaintiff,          :

                       -against-          :

JOHN FITZGERALD          :

                          Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

No. 1:17-cv-12866-RMB-JS

### <u>SUPPLEMENTAL DECLARATION OF JOHN FITZGERALD</u>

JOHN FITZGERALD, under penalty of perjury, declares:

1.    I am the Defendant herein and submit this Declaration on personal knowledge in reply to the Declaration of Joseph E. Gehring, dated December 21, 2017 ("Gehring Dec."). I wish to respond to the allegations made in Mr. Gehring's Declaration regarding my compliance with the Order issued by the Court on December 14, 2017. I also wish to clarify some of the statements made in my Declaration, dated December 12, 2017 (the "Fitzgerald Dec.").

2.    Throughout my career in the financial services industry, I worked on weekends, nights and while on vacation. I also met clients in their homes and in public places, such as restaurants. As such, I always had with me client and other business information so that I could do my job. This was standard procedure, and I knew that other Financial Advisors did this as well. Therefore, I always had documents and information on my personal computer, in my house, and on my cell phone relating to my clients. In preparing to leave Morgan Stanley,

my objective was to collect all of that information in whatever form, paper and electronic, and either return it to the office or delete it from my devices so I would have no access going forward.  I knew that was expected of me if I was to conform to the industry standard set by the Protocol.  Obviously, as Morgan Stanley's attorney has pointed out, I made some mistakes and overlooked some things.  I apologize to the Court for that because my original Declaration contains inaccuracies.

3.     In paragraphs 2 and 3 of the Gehring Dec., Mr. Gehring asserts that I made false representations in the Declaration I submitted on December 12, 2017 when I stated the information I had for my clients was limited to name, address, telephone number, fax number, account title and email address.  I believed that statement to be true when I made it.  I submit that I did not deliberately mislead the Court in the Fitzgerald Dec. and that any unintentional oversight was promptly disclosed by my attorney to Morgan Stanley when, in discussions with me about complying with the Order, we discovered some additional materials in my possession.

4.     Paragraphs 5, 6 and 7 of the Gehring Dec. concern information and documents I returned to Morgan Stanley pursuant to the Order.  Mr. Gehring takes issue with a document entitled "Contact Backup.CSV," referenced in paragraph 5 of the Gehring Dec.  As my attorneys stated in the letter referenced by Mr. Gehring regarding that file, I deleted that attachment; that deletion occurred shortly after I sent it to my personal email account or after I downloaded it onto my

personal computer, both <u>prior</u> to my resignation from Morgan Stanley.  Thus, the attachment was not in my email account or personal computer to delete pursuant to the Order, which was why it was not transmitted back to Morgan Stanley.

5.     Paragraphs 6 and 7 of the Gehring Dec. reference three different types of documents: First, 411 emails, which were one page template announcements I sent to my clients after I resigned from Morgan Stanley, along with a duplicate template follow up email I sent a few days later (822 pages). These were both sent using only the information from the list of customer contact information that is in compliance with the Protocol.  These emails were in the "Sent" folder of my email account, which explains why I overlooked them and did not return them in the first batch of documents my attorney returned.  These materials conform with my representation to the Court in the Fitzgerald Dec. Second, 38 picture files were images I took on my cell phone various times before I resigned on December 8, 2017 in order to remember basic information I would need for the transfer process, such as recurring money withdrawals, 529 plans, or loans.  Only <u>some</u> of that information comports with the representations in the Fitzgerald Dec.  Regardless, I simply forgot I had these pictures in my phone and I should have returned them to Morgan Stanley before departing.  Third, 25 account statement PDFs that were long in my possession; I often had account statements with me when I was not in the office to review them and look for recommendations.  I had simply forgotten that I had these materials.  These documents were not inconsistent with my representations to the Court.

6.    I am not a technologically savvy person.  I recognize that I should have thought and worked harder before signing the Fitzgerald Dec., but I had no intention to mislead the Court. I did not use any of the information referenced in paragraphs 5, 6 and 7 of the Gehring Dec. between the issuance of the Order on December 14, 2017 and when I turned them over to my attorneys and they were deleted from all my devices.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 22, 2017.**

John Fitzgerald

4